MICHAEL W. BARRETT, CITY ATTORNEY (SBN 155968)
DAVID C. JONES, DEPUTY CITY ATTORNEY (SBN 129881)
NAPA CITY ATTORNEY'S OFFICE (dcjones@cityofnapa.org)
CITY OF NAPA
P.O. BOX 660
NAPA, CA 94559
Telephone: (707) 257-9516
Facsimile:  (707) 257-9274

Attorneys for Defendants CITY OF NAPA,
OFFICER SEAN ULITIN and OFFICER ADAM DAVIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGUEDA ESPINOZA,<br><br>        Plaintiff,<br><br>    vs.<br><br>OFFICER SEAN ULITIN and OFFICER ADAM DAVIS and the CITY OF NAPA,<br><br>        Defendants. | Case No. C07 4678 EDL<br><br>CITY DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FRCP RULE 12(b)(6) MOTION TO DISMISS<br><br>DATE:      March 25, 2008<br>TIME;      9:00 a.m.<br>CRTRM:   E, 15th Floor<br><br>**The Honorable Elizabeth D. Laporte** |

Defendants City of Napa and Napa Police Officers Sean Ulitin and Adam Davis ("City Defendants") move to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) as follows:

**I.     INTRODUCTION.**

This is an action by Plaintiff Agueda Espinoza against the City of Napa and two City of Napa police officers. Plaintiff asserts excessive force and false arrest claims under 42 U.S.C. Section 1983 and similar claims under California state law. Ms. Espinoza's "Verified Claim Against the City of Napa," filed pursuant to the California Government Claims Act, asserts that on September 30, 2005, Defendant Officer Sean Ulitin pulled her keychain from her hands which caused a "finger sprain" on one of her fingers. Plaintiff's government claim asserts she went to the emergency room and "had to wear a splint."

Plaintiff's present complaint, in this Court, however, does not allege these facts – or any facts whatever – but merely asserts conclusions: that undescribed "excessive force" was used against her, and that she was "arrested" without probable cause.

All of Plaintiff's causes of action are subject to dismissal. Her two Section 1983 claims for excessive force ("Count I") and false arrest ("Count II") should be dismissed, with leave to amend, because she has utterly failed to plead facts which, if proved true, would entitled her to relief. It is axiomatic that Plaintiff is required to plead facts which support her legal theory; the unadorned legal conclusions which constitute Plaintiff's complaint render it subject to dismissal. Where as here, Defendants assert a qualified immunity defense, they are entitled "not to stand trial or face the other burdens of litigation" where Plaintiff's allegations fail to factually support a claim of violation of clearly established law or, in this case, of any law whatever.

Plaintiff's three state court claims for false arrest ("Count III"), battery ("Count IV"), and *respondeat superior* ("Count V") all fail for untimeliness under the California Government Code. As established below, and by judicial notice of certified government documents, Plaintiff failed to file her complaint within six months of the City's notice of claim rejection, as required by California Government Code Section 945.6. Those state law claims are thus untimely and barred. As to these three state law claims, dismissal should be ordered without leave to amend, as no cure is possible.

**II.   STATEMENT OF ISSUES TO BE DECIDED.**

1.   Whether Plaintiff's conclusory pleading fails to state facts sufficient to state a claim for either excessive force or false arrest under 42 U.S.C Section 1983, or for any state law relief, and is thus subject to dismissal, under Rule 12(b)(6), with leave to amend.

2.   Whether Plaintiff's pendant state law causes of action for battery, false arrest, and "*respondeat superior*" are subject to dismissal under Rule 12(b)(6), without leave to amend, because they were not filed within six months of the City's rejection of her government claim. Government Code Section 945.6.

**III.   PLAINTIFF'S COMPLAINT IS ENTIRELY LACKING IN FACTUAL ALLEGATIONS.**

Plaintiff's complaint contains the following causes of action or "Counts."

2

- Count 1 – Section 1983 Excessive Force;
- Count 2 – Section 1983 False Arrest;
- Count 3 – False Arrest – State Claim;
- Count 4 – Battery – State Claim;
- Count 5 – Supplementary Claim for *Respondeat Superior*.

Plaintiff alleges as follows:

- At Paragraph 4 "on or about September 30, 2005 Officer Sean Ulitin battered Plaintiff and used unreasonable force as to Plaintiff." Plaintiff further alleges that "Officer Adam Davis failed to intervene in the misconduct of Officer Ulitin even though he was able to do so."
- At Paragraph 6 Plaintiff concludes that the officers' conduct "caused an unreasonable seizure to the Plaintiff."
- At Paragraph 9 Plaintiff alleges that defendant officers were duly appointed police officers for the City of Napa and were on duty at the time of the relevant events.
- At Paragraph 10 Plaintiff alleges that "officer Sean Ulitin, on September 30, 2005, came into physical contact with Plaintiff."
- At Paragraph 12 Plaintiff concludes that "the actions of the defendant officers amount to an excessive use of force onto Plaintiff."
- At Paragraph 15 Plaintiff concludes that "the actions of the defendant officers caused the arrest of the Plaintiff without probable cause to believe that Plaintiff committed criminal activity."
- At Paragraph 18 Plaintiff concludes that "the defendant officers arrested Plaintiff without probable cause to believe that Plaintiff committed criminal activity."
- At Paragraph 21 Plaintiff alleges "the defendant officers struck the Plaintiff intentionally without consent and without justification."

Except as summarized here, Plaintiff makes absolutely no factual allegations regarding the allegedly wrongful conduct of the officers for which she seeks recovery.

**IV.     PLAINTIFF'S GOVERNMENT CLAIM AND THE CITY'S REJECTION**

Plaintiff filed a "Verified Claim Against the City of Napa" dated October 10, 2005. In the claim she alleged that on September 30, 2005 police officer "S. Ulitin" pulled a keychain from her hand thus hurting her fingers. Plaintiff asserted in the claim that she had suffered a "finger sprain" on one of her

3

fingers and "had to wear a splint." The claim form identifies "S. Ulitin" only and makes no mention either of Defendant Officer Adam Davis or of any other unnamed police officer having been involved in the relevant events. Req. Jud. Not., Exh. 1.

On February 27, 2006, the City issued its rejection of Plaintiff's claim, and the City's proof of service states, under penalty of perjury, that the rejection was served by regular mail on February 27, 2006. Req. Jud.Not., Exh. 2.

The present lawsuit was filed on September 11, 2007, in excess of six months after the City's notice of rejection was served on Plaintiff by mail.

## V. PLAINTIFF'S COMPLAINT IS SUBJECT TO DISMISSAL AS IT IS WHOLLY CONCLUSORY AND FAILS TO STATE FACTS WHICH, IF PROVEN, WOULD ENTITLE PLAINTIFF TO RELIEF.

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed.R.Civ.P.12(b)(6); See *Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001)*; *Smile Care Dental Group v. Delta Dental Plan, 88 F.3d 780, 783 (9th Cir. 1996)*. Rule 12(b)(6) permits dismissal of a claim when the claim lacks a cognizable legal theory *or where there are insufficient facts alleged to support the proffered theory of relief. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)*. In examining the complaint, "conclusory allegations of law and unwarranted inferences are insufficient to defeat the motion to dismiss." *Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir. 2001)*, *citing Assoc. General Contractors v. Met. Water Dist. 159 F.3d 1178, 1181 (9th Cir. 1998)*.[1]

The rule requiring a plaintiff to state facts which support the claim for relief is critical where defendants assert qualified immunity:

> In a suit against an officer for an alleged violation of a constitutional right, the requisites of a qualified immunity defense must be considered in proper sequence. Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is

---

[1] "Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition." *DM Research, Inc. v. College of Amer., Patn. 170 F.3d 53, 55 (1st Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 679 (9th Cir. 2001)*. Allegations that a defendant "lied" without stating what the lies were, are insufficient. *Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992)* A bare allegation of "joint action" will not survive a motion to dismiss; Plaintiff must allege facts tending to show joint action. *DeGrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000)*.

4

City Defendants' Memorandum of Points and Authorities in Support of FRCP Rule 12(b)(6) Motion to Dismiss

>dispositive. Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth, 472 U.S. 511, 526 (parallel cites omitted) (1985)*. The privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Ibid.* As a result, "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant, 502 U.S. 224, 227 (parallel citations omitted) (1991) (per curiam).*

*Saucier v. Katz, 533 U.S. 194, 200-201.*

The Supreme Court in *Saucier* went on to state that the court must initially determine "this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? . . . If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *533 U.S. at 201*. The Supreme Court in *Mitchell v. Forsyth* also noted pointedly that unless a "plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell, 472 U.S. at 526.*

Here, Plaintiff simply has not alleged facts that, if proven, could support a judgment in her favor. Thus, she has neither pled facts which would support a Fourth Amendment violation, nor has she pled facts which, if true, would defeat a qualified immunity defense. She has not alleged what force was used or said why it was unreasonable. She has not alleged why or how her freedom to leave was impinged in any way. Nor has she alleged facts constituting any grounds for recovery under California law. City Defendants speculate that Plaintiff's current fact-free pleading is an attempt to avoid the Court's scrutiny, at the pleading stage, as to whether the facts she can truthfully allege would constitute a valid Fourth Amendment claim at all, let alone one which avoids qualified immunity. That inquiry, however, is for another day, following amendment. For the time being, it is clear that Plaintiff has not met her burden to assert facts which would support recovery, and thus dismissal is appropriate.

## VI. PLAINTIFF'S STATE LAW CAUSES OF ACTION ARE BARRED BY THE SIX MONTH STATUTE OF LIMITATIONS OF GOVT. CODE SECTION 945.6.

Plaintiff's pendent state law tort claims against both the individual defendants and the City are governed by the California Government Claims Act. *See Karim-Panahi v. Los Angeles Police Dept.,*

*839 F.2d 621, 627 (9th Cir., 1988), citing Ortega v. O'Connor, 764 F.2d 703, 707 (9th Cir. 1985),* reversed on other grounds, *480 U.S. 709 (1987).*

California Government Code Section 945.6 provides that following written notice of rejection of a plaintiff's government claim, suit must be brought "not later than six months after the date such notice is . . . deposited in the mail." California Government Code Section 945.6(a)(1). When the public entity deposits written notice of rejection in the mail, the six month limitations period within which to file suit applies regardless of whether notice is actually received. *County of Los Angeles v. Superior Court, 127 Cal.App.4th 1263, 1267-1268 (2005), citing Dowell v. County of Contra Costa, 173 Cal.App.3d 896, 901 (1985).*

On February 27, 2006, the City issued its rejection of Plaintiff's claim, and the City's proof of service states, under penalty of perjury, that the rejection was served by regular mail on February 27, 2006. Req.Jud.Not., Exh. 2.

The present lawsuit was filed on September 11, 2007, in excess of six months after the City's notice of rejection was served on Plaintiff by mail.

Plaintiff's third, fourth, and fifth "counts" are, therefore, unequivocally time barred and should be dismissed. Because only state claims are alleged against the City, it should be dismissed from the action entirely.

## VII. CONCLUSION.

Plaintiff's state claims ("Counts" III, IV, V) are patently barred by the statute of limitations and should be dismissed, without leave to amend. Plaintiff's Section 1983 claims state no facts, and Plaintiff's complaint should be dismissed. She should be compelled, in an amended complaint, to factually allege the elements of excessive force and false arrest so that this action can proceed in an orderly fashion – if Plaintiff indeed has actionable claims to assert.[2]

February 15, 2008        By:        /S/
                         DAVID C. JONES, Deputy City Attorney
                         Attorney for City Defendants

---

[2] Through counsel, City Defendants requested that Plaintiff amend her pleading so that this motion could be avoided well in advance of this filing.