Anthony Boskovich, No. 121198
Law Offices of Anthony Boskovich
28 N. First Street, 6th Floor
San Jose, California 95113-1210
policemisconduct@compuserve.com

408-286-5150

Attorney for plaintiff AGUEDA ESPINOZA

IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AGUEDA ESPINOZA,<br>      *Plaintiff*,<br>v.<br>OFFICER SEAN UTILIN and OFFICER ADAM DAVIS and the CITY OF NAPA,<br>      *Defendants*. | No. C07 4678 EDL<br><br>PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS<br><br>Date: 25 March 2008<br>Time: 9:00 A.M.<br>Courtroom: E, 15th Floor<br>Judge: Honorable Elizabeth Laporte |

## INTRODUCTION

Defendants comes to this court and demand that plaintiff do what she is not required to do, namely, to plead with specificity. Amazingly, defendants state in the introduction and argument regarding supplemental claims that they "know" what the basis of the claim is, but then complain in their argument that the claims are too "conclusory". Application of the rules of pleading to this complaint reveal that it gives fair notice to the defendants, and the Federal claims are therefore well

Opposition yo Motion to Dismiss
C07 4678 EDL    Page 1

1 pleaded. On the other hand, defendants appear to be right with respect to their argument that the
2 state law claims are untimely, and therefore the state law claims should be dismissed.

## STATEMENT OF FACTS

On 30 September 2005 defendant Officer Sean Utilin battered[1] and came into physical contact with plaintiff Agueda Espinoza, and, as a result, used unreasonable[2] force against her. (Complaint, ¶¶ 4, 10) This conduct violated the Fourth Amendment. (*Ibid.*) Defendant Officer Adam Davis failed to intervene even though he was able to do so. (*Ibid.*) Ms. Agueda had not obstructed justice, resisted arrest, nor battered either officer. (Complaint, ¶ 5) By using the force and failing to intervene, Ms. Agueda was subjected to an unreasonable seizure. (Complaint, ¶ 6) Both officers were employed by defendant City of Napa and acting in the course and scope of their employment. (Complaint, ¶¶ 3, 9) The officers were acting under color of law. (Complaint ¶ 11) Ms. Agueda was arrested without probable cause because she had committed no crime. (Complaint, ¶¶ 5, 15)

//
//
//
//
//
//

---

[1] "Batter" is defined as "[t]o strike with repeated blows of an instrument or weapon, or with frequent missiles; <u>to beat continuously and violently so as to bruise or shatter.</u>" (Oxford English Dictionary (2nd Ed.), on CD-ROM [emphasis added])

[2] "Unreasonable" is defined as "[g]oing beyond what is reasonable or equitable; excessive in amount or degree." (Oxford English Dictionary (2nd Ed.), on CD-ROM)

Opposition yo Motion to Dismiss
C07 4678 EDL                                                                                              Page 2

# ARGUMENT

## A. DISMISSAL OF AN ACTION PURSUANT TO RULE 12(b)(6) IS AN EXTRAORDINARY ACT TO BE USED ONLY IN EXTRAORDINARY CIRCUMSTANCES.

As compared with state practice, pleadings play a lesser role in Federal cases, and amendment is liberally granted. As such, the motion to dismiss pursuant to Rule 12(b)(6) is disfavored. (*Gilligan v. Jamco Development Corporation*, 108 F.3d 246, 249 (9th Cir. 1997) ["The motion to dismiss for failure to state a claim is viewed with disfavor and rarely granted."]; *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981) ["A 12(b)(6) dismissal is proper only in 'extraordinary' cases."].) Additionally, the defect must appear on the face of the complaint. (*Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991); see also *McCalden v. California Library Association*, 955 F.2d 1214, 1219 (9th Cir. 1990)) Therefore, the court should not consider any extraneous facts presented in the memoranda.[3]

When reviewing the complaint, the Court must construe it in the light most favorable to the plaintiff. (*Parks School of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).) "A complaint cannot be dismissed for failure to state a claim <u>unless it appears beyond doubt</u> that the plaintiff can prove <u>no set of facts</u> in support of his claim which would entitle him to relief." (*Conley v. Gibson*, 355 U.S. 41, 45-46 [78 S.Ct. 99] (1957) (emphasis added); *Moore v. City of Costa Mesa*, 886 F.2d 260, 262 (9th Cir. 1989)) Also, in reviewing the complaint the court must accept as true each and every material allegation and make all reasonable inferences to be drawn therefrom, (*NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986); see also *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 [113 S.Ct. 1160, 1162] (1993)), <u>regardless</u> of how improbable the alleged facts appear to be, (*Neitzke v. Williams*, 490 U.S. 319 [109 S.Ct. 1827, 1833] (1989)), and

---

[3] Plaintiff does not object to the Request for Judicial Notice.

regardless of the difficulty plaintiffs might have in proving the allegations. (*Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969))

Where, as here, a complaint is drafted by a *pro se* plaintiff, the complaint is construed even more liberally. "A document filed *pro se* is to be liberally construed, ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (*Erickson v. Pardus*, — U.S. —, [127 S.Ct. 2197, ----, 167 L.Ed.2d 1081, 1086] (2007]; see also, *Brazil v. United States Department of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995) [pro se litigant given "great leeway".])

Finally, a motion to dismiss a civil rights case should be "scrutinized with special care". (*Lillard v. Shelby County Board of Education*, 76 F.3d 716, 724 (6th Cir. 1996); *Bernheim v. Litt*, 79 F.3d 318, 321 (2nd Cir. 1996)) Rule 12(b)(6) dismissals are "especially disfavored in cases where the complaint sets forth a novel legal theory that can be best assessed after factual development." (*Baker v. Cuomo*, 58 F.3d 814, 818-19 (2nd Cir. 1995))

### B. THE MOTION MUST BE DENIED AS TO THE FEDERAL CAUSES OF ACTION BECAUSE THE COMPLAINT GIVES A SHORT AND PLAIN STATEMENT OF THE CLAIM

Defendants' motion reflects a total misunderstanding of Federal notice pleading as opposed to state pleading, and the cases cited by defendants are out of context. Federal Rules of Civil Procedure, rule 8, requires that the claims for relief must include a short and plain statement of the claim showing that the plaintiff is entitled to relief. The complaint need only provide fair notice of the claim and need not set out in detail the facts upon which the claim is based[4], and, in fact, "[a] complaint is not required to allege all, *or any*, of the facts entailed by the claim." (*Bennett v. Schmidt*,

---

[4] In fact, this is discouraged. (See, e.g., *Bender v. Suburban Hospital, Inc.*, 159 F.3d 186, 192 (4th Cir. 1998); *Hemenway v. Peabody Coal Company*, 159 F.3d 255, 261-62 (7th Cir. 1998)

Opposition yo Motion to Dismiss
C07 4678 EDL    Page 4

153 F.3d 516, 518 (7th Cir. 1998) (emphasis in original); see also, *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991)) Although Federal Rules of Civil Procedure, rule 9, requires a heightened pleading standard in some cases, there is no heightened pleading required in civil rights cases. (*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 [113 S.Ct. 1160, 1162] (1993))

Defendants brand the complaint as conclusory and therefore claim it is somehow unacceptable. That, however, is not the standard for pleading. In a case of a pleading by a *pro se* prisoner, Justice Posner of the Seventh Circuit has explained:

> The district judge's ground for dismissal in both cases was that the allegations of the complaint were conclusory, stale, and lacking in a factual basis. As he put it in one of the orders, "The plaintiff's allegations fail to make a rational argument in either fact or law to support a claim for relief. Furthermore, his allegations are merely conclusory and seem to be stale in nature." (Citation omitted.) This is not a very happy formula. The Federal Rules of Civil Procedure establish a system of notice pleading rather than of fact pleading, (Citations), so the happenstance that a complaint is "conclusory," whatever exactly that overused lawyers' cliché means, does not automatically condemn it. All the complaint need do to withstand a motion to dismiss for failure to state a claim is "outline or adumbrate" a violation of the statute or constitutional provision upon which the plaintiff relies, (Citation), and connect the violation to the named defendants. (Citation)

(*Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir. 1992))

Given the above rules, it is clear that the complaint is adequately pleaded; Ms. Espinoza alleges that on 30 September 2005 she was battered by Officer Utilin and arrested without probable cause, and that these acts constituted excessive force and an unconstitutional seizure. Officer Adams is alleged to have had the ability to stop the battery by intervening, thereby rendering him liable as well. (See *United States v. Koon*, 34 F.3d 1416, 1447, fn. 25 (9th Cir. 1994), *aff'd in part, reversed on other grds.*, *Koon v. United States*, 518 U.S. 81 [116 S.Ct. 2035] (1996))

Defendants expose their true motivation behind this motion when they argue that their defense is qualified immunity. Maybe so, but that does not alter the long-settled rules of pleading. It is clear that the information that defendants desire should be gleaned from the use of other procedures. The United States Supreme Court has made clear: "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and

issues to dispose of unmeritorious claims." (*Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512-13 [122 S.Ct. 992, 998] (2002))

The motion to deny the First and Second Claims for Relief alleging violations of 42 U.S.C. section 1983 must be denied.

### C. DEFENDANTS ARE CORRECT THAT PLAINTIFF'S STATE LAW CLAIMS ARE TIME BARRED.

Defendants argue that the Third through Fifth Claims for Relief for state law violations are time-barred. Defendants are correct, and, therefore, those claims should be dismissed.

Dated: 4 March 2008

_____
Anthony Boskovich
Attorney for Plaintiff Agueda Espinoza