MICHAEL W. BARRETT, CITY ATTORNEY (SBN 155968)
DAVID C. JONES, DEPUTY CITY ATTORNEY (SBN 129881)
NAPA CITY ATTORNEY'S OFFICE (dcjones@cityofnapa.org)
CITY OF NAPA
P.O. BOX 660
NAPA, CA 94559
Telephone:  (707) 257-9516
Facsimile:   (707) 257-9274

Attorneys for Defendants CITY OF NAPA,
OFFICER SEAN ULITIN and OFFICER ADAM DAVIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGUEDA ESPINOZA,<br><br>           Plaintiff,<br><br>    vs.<br><br>OFFICER SEAN ULITIN and OFFICER ADAM DAVIS and the CITY OF NAPA,<br><br>           Defendants. | Case No. C07 4678 EDL<br><br>CITY DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FRCP RULE 12(b)(6) MOTION TO DISMISS<br><br>DATE:         March 25, 2008<br>TIME;          9:00 a.m.<br>CRTRM:      E, 15th Floor<br><br>**The Honorable Elizabeth D. Laporte** |

Defendants City of Napa and Napa Police Officers Sean Ulitin and Adam Davis ("City Defendants") reply to Plaintiff Agueda Espinoza's Opposition as follows:

**A.    PLAINTIFF ADMITS HER THIRD THROUGH FIFTH "COUNTS" ARE TIME BARRED.**

Plaintiff admits that her Third through Fifth "Counts" are time barred, and that those claims should be dismissed. The City of Napa should be dismissed entirely from this action. Following dismissal of Plaintiff's Third through Fifth "Counts," Plaintiff's remaining First and Second Causes of Action under U.S.C. Section 1983 state no basis for liability against the City, but only against the individual officers. Plaintiff has not alleged that any action by the officers was pursuant to any official

1

City Defendants' Memorandum of Points and Authorities in Support of FRCP Rule 12(b)(6) Motion to Dismiss

policy or custom, and, thus, no Section 1983 claim is stated against the City.  See *Monell v. N.Y. Dept. of Soc. Servs.*, 436 U.S. 658, 690, 691 (1978); *Oviatt v. Pearce*, 1954 F.2d 1470, 1474 (9th Cir. 1992).

**B.     PLAINTIFF HAS NOT ADEQUATELY PLEAD HER TWO SECTION 1983 CLAIMS.**

Several weeks ago, Magistrate Judge Edmund F. Brennan dismissed a Section 1983 excessive force case pursuant to a Rule 12(b)(6) motion.  City Defendants cannot improve upon his encyclopedic analysis of a Section 1983 plaintiff's pleading responsibilities, which is highly relevant here and is quoted below:

> To survive a motion to dismiss under *Rule 12(b)(6)*, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly, U.S.*, 127 S.Ct. 1955, 1964, 1970, 167 L. Ed. 2d 929 (2007) (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of its claims which would entitle plaintiff to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard").  Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action. *Bell Atl. Corp., 127 S.Ct. at 1965*.  Instead, the *"[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." Id.*  [italics added]
>
> The crux of the standard is this. Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)*.  When a motion to dismiss attacks the sufficiency of the facts plead, the court assumes the complaint's factual allegations as true and determines whether those assumed facts give rise to a cause of action. *Church of Scientology of California v. Flynn, 744 F.2d 694 (9th Cir. 1984)*.  In doing so, the court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995)*.  General allegations

2

are presumed to include specific facts necessary to support the claim. *NOW, 510 U.S. 249, 256, 114 S. Ct. 798, 127 L. Ed. 2d 99* (quoting *Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)*)

Although courts will not normally look beyond the four corners of the complaint in resolving a Rule 12(b)(6) motion, *Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248 (9th Cir. 1997)*, *Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir.2001)*, a "court may consider material that the plaintiff properly submitted as part of the complaint or, even if not physically attached to the complaint, material that is not contended to be inauthentic and that is necessarily relied upon by the plaintiff's complaint." *Id.* Moreover, the court may disregard allegations of the complaint that are contradicted by attached exhibits. *Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987)*; *Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir. 1998)*. Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987)*.

Additionally, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994)*. Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981)*. Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)*. Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000)* (en banc); *Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)*.

However, pro se pleadings are not exempt from the requirements of complaints generally. Although the court has an obligation to construe the pleadings of a pros se

litigant liberally, *Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985)* (en banc), the court's liberal interpretation of a *pro se* complaint may not supply essential elements of a claim that are not plead. *Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992)*; *Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982)*.

*Davis v. Sacramento County Sheriff's Dep't, 2008 U.S. Dist. LEXIS 13819* (*Brennan, M.J., N.D.Cal. Feb. 25, 2008*)

Plaintiff's First and Second Causes of Action should be dismissed with leave to amend because at present they do not state "enough facts to state a claim to relief that is plausible on its face." Plaintiff's argument in opposition is based on time-worn generalities, none of which are germane here: "amendment is liberally granted;" the "defect must appear on the face of the complaint;" a complaint filed by a *pro se* plaintiff is to be liberally construed. These platitudes are a given but are not at issue here. Plaintiff is no longer a *pro se* litigant; the defects are on the face of the complaint, and amendment is appropriate. The Court should now require Plaintiff to state a proper complaint informing the Court and City Defendants, with a short plain statement, of the facts she alleges support her claims of Fourth Amendment violations for excessive force and false arrest. City Defendants should not be compelled to engage in discovery to obtain the basic factual allegations which support Plaintiff's claims. Pursuant to the authorities set forth above, Plaintiff is required to provide those factual allegations now, in an amended complaint.

**C.     CONCLUSION.**

City Defendants request that the Court dismiss the Third through Fifth Counts of Plaintiff's complaint, as Plaintiff concedes is proper. The Court should also require Plaintiff to properly re-plead her First and Second Counts to state factual allegations which, if true, entitle her to relief for excessive force and false arrest.

March 11, 2008         By:         /s/
                                           DAVID C. JONES, Deputy City Attorney
                                           Attorney for City Defendants

4

City Defendants' Memorandum of Points and Authorities in Support of FRCP Rule 12(b)(6) Motion to Dismiss