IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGUEDA ESPINOZA, | No. C-07-04678 EDL |
| Plaintiff, | **ORDER GRANTING WITH LEAVE TO AMEND DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| OFFICER SEAN ULITIN, et al., | |
| Defendants. / | |

On September 11, 2007, Plaintiff Agueda Espinoza, proceeding pro se, filed this lawsuit against two officers of the Napa Police Department and the City of Napa alleging violations of 42 U.S.C. § 1983 and various state laws. On February 15, 2008, Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, now represented by counsel, opposed the motion to dismiss the federal claims, but conceded that the state law claims are time-barred.[1] Therefore, Plaintiff's state law claims are dismissed without leave to amend. Plaintiff also acknowledged at the March 25, 2008 hearing that she could not plead any facts to support municipal liability against the City of Napa pursuant to Monell v. New York City Dept. of Social Servs., 436 U.S. 658 (1978). Therefore, Plaintiff's claims against the City are dismissed without leave to amend.

**Facts**

According to the complaint, on or about September 30, 2005, Officer Ulitin of the Napa Police Department "battered Plaintiff and used unreasonable forces as to Plaintiff" in violation of the Fourth Amendment. Compl. ¶ 4. Officer Davis failed to intervene in the misconduct of Officer

---

[1] The Court grants Defendants' unopposed request that the Court take judicial notice of Plaintiff's Verified Claim Against the City of Napa based on this incident and the City's Notice of Rejected Claim for Damages.

1 Ulitin. See id. The officers were on duty at the time of the incident. See Compl. ¶ 9. As a result of
2 the officers' actions, Plaintiff suffered injury. See Compl. ¶ 8.

**Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Dismissal may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). In analyzing a motion to dismiss, the Court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

**Discussion**

With respect to Plaintiff's remaining federal claims, Defendants argue that the claims should be dismissed because they are entirely lacking in facts and are conclusory. See Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir. 2001) ("While all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party, [citation omitted], conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."); see also Davis v. Sacramento County Sheriff's Dep't, 2008 U.S. Dist. LEXIS 13819 (E.D. Cal. Feb. 25, 2008) (holding that pro se complaints are entitled to a liberal reading, but not to the extent that the liberal interpretation supplies essential elements of a claim that are not pled). Federal Rule of Civil Procedure 8(a)(2), however, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1959 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Here, it is a close question as to whether Plaintiff's complaint satisfies Rule 8(a)(2). Plaintiff was proceeding pro se when the complaint was filed and pro se complaints are entitled to a liberal reading. Using a liberal interpretation, the complaint is likely sufficient. However, Plaintiff

now has counsel and her state law claims against all Defendants and her federal claims against the City of Napa are being dismissed. Accordingly, Defendants' Motion to Dismiss is granted with leave to amend. Plaintiff shall amend to delete the state law claims and claims against the City. Further, Plaintiff shall amend to add factual allegations in support of her § 1983 claims. The amended complaint shall be filed no later than April 4, 2008.

This matter is set for a case management conference on May 6, 2008 at 10:00 a.m. The parties shall file a joint case management conference statement no later than April 29, 2008.

**IT IS SO ORDERED.**

Dated: March 26, 2008

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

3