Anthony Boskovich, No. 121198
Law Offices of Anthony Boskovich
28 N. First Street, 6th Floor
San Jose, California 95113-1210
policemisconduct@compuserve.com

408-286-5150

Attorney for plaintiff AGUEDA ESPINOZA

# IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| AGUEDA ESPINOZA,<br>　　　　　*Plaintiff*,<br>v.<br>OFFICER SEAN ULITIN and OFFICER ADAM DAVIS,<br>　　　　　*Defendants*. | No. C07 4678 EDL<br><br>FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS --<br>JURY TRIAL DEMANDED |

**JURISDICTION**

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged occurred in the City of Napa, which is within this judicial district.

//
//
//
//

First Amended Complaint
C07-4678 EDL                                                                                                      Page 1

## PARTIES

2. Plaintiff AGUEDA ESPINOZA is and at all times herein mentioned was, a citizen of the United States and a resident of Napa, California. Plaintiff is readily recognizable as Hispanic.

3. At all times mentioned herein, defendants OFFICER SEAN ULITIN AND OFFICER ADAM DAVIS (hereinafter "OFFICERS") were employed as police officers for the City of Napa. Defendant officers are sued individually and in their capacity as police officers for the City of Napa. By engaging in the conduct described here, defendant officers acted under the color of law and in the course and scope of their employment for defendant City of Napa. By engaging in the conduct described here, defendant officers exceeded the authority vested in them as police officers under the United States Constitution and as employees of the City of Napa.

## STATEMENT OF FACTS

4. Plaintiff is the mother of a child who has a serious medical condition, having had a liver transplant, and who needs special medications. Plaintiff's son was also ill at the time of the incident in question, having mononucleosis.

5. On 30 September 2005, plaintiff learned that her children had been removed from their school and transported to the health department by government officials. Plaintiff was upset that this had occurred, but was mostly concerned that her daughter needed to receive her medications.

6. Plaintiff rushed to the health department to deliver the medications, and was eventually confronted by defendants DAVIS and ULITIN. When she asked the OFFICERS for an interpreter, it was refused.

7. Plaintiff walked to her car in order to leave, but she was pursued by OFFICER ULITIN. Plaintiff had no desire nor need to speak with OFFICER ULITIN, had committed no crime, and she closed her door and started the motor. The car remained in park.

8. Despite having no legal justification to detain plaintiff for any reason, OFFICER ULITIN, with the assistance of OFFICER DAVIS, proceeded to bang on plaintiff's window and yell at her to open the door.

9. Plaintiff was terrified and complied, turning off the motor. OFFICER ULITIN then asked plaintiff if she was going to kill herself, and the startled plaintiff responded "No". OFFICER ULITIN then raised his voice and asked plaintiff in an aggressive and shouting voice if plaintiff was going to be "okay". Sensing that OFFICER ULITIN was not going to terminate the conversation and that OFFICER DAVIS, among others, was blocking her way, and fearing that OFFICER ULITIN's anger was escalating to a dangerous level, plaintiff responded "well, it depends on you."

10. OFFICER ULITIN became enraged, and as plaintiff attempted to take the car keys from the ignition, OFFICER ULITIN reached over plaintiff and violently attempted to take the keys away from her. This act was done with such force and violence that the keys were ripped from plaintiff's hand, both breaking the keychain and injuring plaintiff.

11. Plaintiff began to cry because she had been injured and her rights had been violated, and she was afraid for her children. Another officer approached plaintiff, and when plaintiff told him that OFFICER ULITIN had injured her, the reply was "I know."

12. Plaintiff was then allowed to go home with a friend.

## DAMAGES

13. As a proximate result of defendants' conduct, plaintiff suffered pain and physical injuries. As a further proximate result of defendants' conduct, plaintiff suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, embarrassment, and loss of her sense of security, dignity, and pride as an Hispanic American.

14. As a further proximate result of defendants' conduct, plaintiff has incurred medical expenses.

15. As a further proximate result of defendants' conduct, plaintiff has lost wages from her usual occupation, and will lose wages in the future, all according to proof.

16. The conduct of defendant OFFICERS was malicious, wanton, and oppressive. Plaintiff is therefore entitled to award of punitive damages against defendant OFFICERS.

17. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of her civil rights.

## FIRST CLAIM FOR RELIEF
(42 U.S.C § 1983)
(Against defendant OFFICERS)

18. Plaintiff realleges and incorporates by reference paragraphs 1 through 17 of this First Amended Complaint.

19. In doing the acts complained of, defendants OFFICERS acted under the color of the law, motivated in part by the race of the plaintiff, to deprive the plaintiff of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

   b. The right not to be deprived of life, liberty, or property without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

   c. The right to be free form the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

   d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution;

   e. The right to be free from cruel and unusual punishment; and from pre-charging and pre-judgment punishments, as guaranteed by the Eighth Amendment to the United States Constitution;

20. As a proximate result of defendants' wrongful conduct, plaintiff suffered injuries and damages as set forth.

**WHEREFORE**, Plaintiff prays for relief as set forth.

## JURY DEMAND

21. Plaintiff hereby demands a jury trial in this action.

## PRAYER

**WHEREFORE**, Plaintiff prays for relief as follows:

1. General damages in an amount according to proof;
2. Special damages in an amount according to proof;
3. Punitive damages in an amount no less than $5,000,000;
4. Reasonable attorney's fees pursuant to 42 U.S.C. section 1988;
5. Costs of suit incurred herein; and,
6. Such other and further relief as the Court may deem just and proper.

Dated: 3 April 2008

LAW OFFICES OF ANTHONY BOSKOVICH

By: _____
Anthony Boskovich
Attorney for Plaintiff Agueda Espinoza

First Amended Complaint
C07-4678 EDL