MICHAEL W. BARRETT, CITY ATTORNEY (SBN 155968)
DAVID C. JONES, DEPUTY CITY ATTORNEY (SBN 129881)
NAPA CITY ATTORNEY'S OFFICE (dcjones@cityofnapa.org)
CITY OF NAPA
P.O. BOX 660
NAPA, CA 94559
Telephone: (707) 257-9516
Facsimile:  (707) 257-9274

Attorneys for Defendants OFFICER SEAN ULITIN and
OFFICER ADAM DAVIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGUEDA ESPINOZA, | ) Case No. C07 4678 EDL |
| Plaintiff, | ) DEFENDANTS OFFICER SEAN ULITIN AND OFFICER ADAM DAVIS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS |
| vs. | |
| OFFICER SEAN ULITIN and OFFICER ADAM DAVIS and the CITY OF NAPA, | |
| Defendants. | ) DEMAND FOR JURY TRIAL |

Defendants Officer Sean Ulitin and Officer Adam Davis hereby answer and state affirmative defenses to Plaintiff's First Amended Complaint ("FAC") as follows:

**JURISDICTION**

1.   Defendants admit that the Court has jurisdiction of this action and that venue is proper. Defendants deny that they engaged in any unlawful acts or practices at any time and deny all remaining allegations of Paragraph 1 which are not expressly admitted here.

2.   Defendants admit that they were aware that Plaintiff was, at all times mentioned in the FAC, "Hispanic." Defendants lack information on which to admit any other allegation of Paragraph 2 and on that basis deny all such allegations.

3.   Defendants admit that at all times mentioned in the FAC, they were employed as City of Napa police officers and were acting under color of law and in the course and scope of their employment.  Defendants deny all remaining allegations of Paragraph 3.

**STATEMENT OF FACTS**

4.   Defendants lack information on which to admit any allegation of Paragraph 4 and on that basis deny all such allegations.

5.   Defendants admit that on September 30, 2005, and at all times mentioned in the FAC, they had been informed that Plaintiff's children were in the care and control of Napa County Child Protective Services, and that Plaintiff was very upset when Defendants encountered her.  Defendants lack information on which to admit any other allegation of Paragraph 5 and on that basis deny all such allegations.

6.   Defendants admit that they spoke with Plaintiff at or near Child Protective Services located at 2261 Elm Street, Napa, California, on September 30, 2005.  Defendants lack information on which to admit any other allegation of Paragraph 6 and on that basis deny all such allegations.  Defendants assert that Community Service Officer Roman Montanez, a former Police Department employee fluent in Spanish, was present during Plaintiff's initial discussion with Officer Ulitin near the CPS building.

7.   Defendants admit that Plaintiff walked to a vehicle and got in.  Defendants further admit that Officer Ulitin pursued Plaintiff out of concern for her safety and the safety of others.  Defendants admit that they were not aware of any crime committed by Plaintiff.  Defendants lack information on which to admit any other allegation of Paragraph 7 and on that basis deny all such allegations.

8.   Denied.

9.   Defendants admit that Plaintiff started and turned off the motor more than once while the officers were present.  Defendants admit that Officer Ulitin asked Plaintiff if she was going to kill herself, and asked Plaintiff if she was going to be okay.  Defendants deny all remaining allegations of Paragraph 9.

10.   Defendants admit that Officer Ulitin attempted to quickly grab the keys first out of the ignition and later out of Plaintiff's hand to prevent her from restarting the vehicle.  Defendants also

admit that when Officer Ulitin grabbed the keys from Plaintiff's hand, the key ring appeared to come apart, with part remaining in his hand, and part remaining in Plaintiff's hand.  Defendants deny each remaining allegation of Paragraph 10.

11. Defendants admit that at some point Plaintiff was crying.  Defendants deny all remaining allegations of Paragraph 11.

12. Defendants admit that after a conversation with Officer Davis, in which he determined Plaintiff had calmed down and was no longer an imminent danger to herself or to others, they left Plaintiff at the scene with apparent friends or family members.

## DAMAGES

13. Denied.
14. Denied.
15. Denied.
16. Denied.
17. Denied.

## FIRST CLAIM FOR RELIEF
(42 U.S.C §1983)
(Against defendant OFFICERS)

18. This re-allegation and incorporation requires no admission or denial.  If a response is deemed necessary, all allegations of Paragraph 18 are denied.

19. Defendants admit that at all times set forth in the First Amended Complaint they acted under color of law.  Defendants deny all remaining allegations of Paragraph 19 and of Subparagraphs a through e, inclusive.

20. Denied.

## JURY DEMAND

21. This jury trial demand requires no admission or denial.  If a response is deemed necessary, all allegations of Paragraph 21 are denied.

## PRAYER

Plaintiff's Prayer requires no admission or denial. If a response is deemed necessary, all allegations of the Prayer are denied.  Defendants affirmatively pray that the First Amended Complaint be

dismissed with prejudice, that judgment be entered in their favor, that Defendants receive their costs of suit, their reasonable attorney's fees, and such other and further relief as the Court may order.

**AFFIRMATIVE DEFENSES**

1. Defendants' actions in briefly detaining Plaintiff, and Officer Ulitin's actions in attempting to take her keys from her, were reasonable as a matter of law under the "community caretaking" and/or "emergency aid" doctrines.

2. All of Plaintiff's claims against Defendants are barred by the doctrine of qualified immunity pursuant to 42 U.S.C. Section 1983 and other federal law.

3. Each of Plaintiff's claims and causes of action are barred and/or diminished by Plaintiff's failure to mitigate her damages, if any.

CITY OF NAPA

April 11, 2008        By:        /s/
                        DAVID C. JONES, Deputy City Attorney
                        Attorney for City Defendants