MICHAEL W. BARRETT, CITY ATTORNEY (SBN 155968)
DAVID C. JONES, DEPUTY CITY ATTORNEY (SBN 129881)
NAPA CITY ATTORNEY'S OFFICE (dcjones@cityofnapa.org)
CITY OF NAPA
P.O. BOX 660
NAPA, CA 94559
Telephone:  (707) 257-9516
Facsimile:   (707) 257-9274

Attorneys for Defendants OFFICER SEAN ULITIN and
OFFICER ADAM DAVIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGUEDA ESPINOZA, <br><br> Plaintiff, <br><br> vs. <br><br> OFFICER SEAN ULITIN and OFFICER ADAM DAVIS and the CITY OF NAPA, <br><br> Defendants. | Case No. C07 4678 EDL <br><br> JOINT CASE MANAGEMENT CONFERENCE STATEMENT <br><br> **DATE:** May 6, 2008 <br> **TIME;** 10:00 a.m. <br> **CRTRM:** E, 15th Floor <br><br> **The Honorable Elizabeth D. Laporte** |

1. **Jurisdiction and Service:**

   The parties stipulate that jurisdiction is proper, and all necessary parties have appeared.

2. **Facts:**

   On the afternoon of September 30, 2005, City of Napa Police Officers Sean Ulitin and Adam Davis were dispatched to Redwood Middle School where Napa County Child Protective Services took custody of Plaintiff Agueda Espinoza's two children. The officers went to the CPS building in Napa where they encountered Plaintiff and her husband. Plaintiff was extremely upset, especially after learning that CPS would not release the children to her.

   A bilingual community services officer heard Plaintiff's comment in Spanish, which he translated to the two officers, to the effect that she would kill herself if her children were taken. Ms.

Espinoza denies making such a comment. She then walked quickly to her car. The officers decided to stop Plaintiff.

Officer Ulitin approached the vehicle and attempted to detain Plaintiff. Ultimately, he tried to grab for her keys as she held them, and the key ring broke apart. Plaintiff claimed to have suffered a sprained finger.

Officer Ulitin then spoke with Plaintiff, and she was allowed to leave.

3.   **Legal Issues:**

Plaintiff's action asserts Section 1983 causes of action for Fourth, Fifth, and Fourteenth Amendment violations (Excessive force, false arrest, due process and equal protection violations). Plaintiff also asserts an Eighth Amendment violation based on cruel and unusual punishment and pre-charging and pre-judgment punishments.

   A.   Whether Officer Ulitin used unreasonable force.

   B.   Whether Officer Davis had any opportunity to stop unreasonable force.

   C.   Whether Plaintiff's detention by officers constituted an "arrest."

   D.   Whether the officers were authorized to briefly detain Plaintiff under the "community caretaking" or "emergency aid" doctrines.

   E.   Whether any of Plaintiff's allegations are actionable under the Fifth, Eighth, or Fourteenth Amendments.

   F.   Whether Defendants' conduct is protected by qualified immunity.

4.   **Motions:**

Defendants initially moved under Rule 12(b)(6) to dismiss the City entirely and to dismiss state law assault, battery, and respondeat superior claims as the relevant statutes of limitations had run out. Defendants also moved to dismiss the Section 1983 claims against all Defendants for failure to plead sufficient facts to support them. The Court's ruling of March 26, 2008 granted all aspects of Defendants' motion, with leave to amend as to the Section 1983 claims. The City and all state claims have been dismissed. Plaintiff has now re-pled a single Section 1983 cause of action asserting claims under the Fourth, Fifth, Eighth, and Fourteenth Amendments against the Officer Defendants only. Defendants anticipate an early motion for summary judgment.

2

5.     **Amendment of Pleadings:**

Plaintiff has filed a First Amended Complaint, and Defendants have answered it. At the present time, no additional pleadings are expected.

6.     **Evidence Preservation:**

Defendants have preserved all relevant documents, which are limited to police reports and commuter-assisted dispatch reports and internal affairs report. Defendants are not aware of the existence of any e-mails, voice mails, or other electronically recorded material which is relevant to the issues reasonably evident in this action.

7.     **Disclosures:**

No disclosures have been made at the present time. The parties are prepared to make initial disclosures by May 20, 2008.

8.     **Discovery:**

No discovery has been taken to date.

Defendants anticipate depositions of Plaintiff, Plaintiff's husband, CPS personnel and other eye witnesses to the relevant events, treating physicians, and witnesses relevant to Plaintiff's damages claim. Plaintiff anticipates deposition of Defendants and other witnesses. A complete list of depositions and discovery is not possible at this time, given that initial disclosures have not been made.

9.     **Class Actions:**

Not applicable.

10.    **Related Cases:**

None.

11.    **Relief:**

Plaintiff has made a demand in her First Amended Complaint to preserve her remedies in the event of a default. As represented at the motion hearing, Plaintiff's physical injuries were minor.

12.    **Settlement and ADR:**

The parties agree to participate in mediation at an early settlement conference after limited discovery.

13. **Consent to Magistrate for All Purposes:**

Both parties have consented to Magistrate Judge Elizabeth D. Laporte.

14. **Other References:**

No other references are appropriate.

15. **Narrowing of Issues:**

Defendants assert that this case is amenable to an early summary judgment motion following discovery aimed solely at liability issues.

16. **Expedited Schedule:**

Not applicable.

17. **Scheduling:**

   A. Fact Discovery Cutoff: 12/31/2008

   B. Deadline for Designation of Experts: 11/30/2008

   C. Deadline for Hearing Dispositive Motions: 1/2/2009

   E. Pretrial Conference: 2/3/2009

18. **Trial:**

Jury Trial: February 17, 2009

19. **Disclosure of Non-Party Interested Entities or Persons:**

Not applicable.

**LAW OFFICES OF ANTHONY BOSKOVICH**

April 29, 2008      By:      /S/
                             ANTHONY BOSKOVICH
                             Attorney for Plaintiff

**CITY OF NAPA**

April 29, 2008      By:      /S/
                             DAVID C. JONES, Deputy City Attorney
                             Attorney for City Defendants